1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   HIGHLANDER HOLDINGS, INC.,                Case No.:  3:18-cv-1506-AHG-LL

12                              Plaintiff,
                                              **AMENDED SCHEDULING ORDER**
13   v.                                       **REGULATING DISCOVERY**
                                              **AND OTHER PRE-TRIAL**
14   ANDREW FELLNER, *et al.*,                **PROCEEDINGS**

15                             Defendants.

16

17          Following a Case Management Conference ("CMC"), the Court issued the initial

18   Scheduling Order in this case on December 5, 2019. ECF No. 53. Since that time, the

19   parties consented to the undersigned Magistrate Judge to act as the presiding judge in this

20   matter. ECF No. 55. Therefore, the Court must amend the Schedule Order to reset the

21   pretrial deadlines, pretrial conference, and trial before the undersigned. The Court held a

22   second CMC on August 7, 2020 for that purpose. ECF No. 74.

23          Additionally, as outlined in the Court's order on Plaintiff's Motion to Compel and

24   for Sanctions, both sides failed to timely raise certain disputes with the Court regarding

25   written discovery requests, resulting in minimal discovery in the case. *See* ECF No. 71.

26   Defendant Andrew Fellner's deposition has also been significantly delayed due to his

27   refusal to complete his deposition in February 2020, the parties' delay in bringing the issue

28   to the Court's attention, and ongoing disagreements between the parties with regard to

1    rescheduling the deposition. *See id.*; *see also* ECF No. 73.

2         The Court previously determined that the parties' failure to timely raise their

3    discovery disputes with the Court resulted in a waiver of their ability to compel further

4    discovery from one another. *See* ECF No. 71. However, as discussed during the second

5    CMC, the Court now finds it in the best interests of the Court and the parties to permit

6    *limited* additional discovery to assist the parties in preparing and/or responding to

7    dispositive pretrial motions notwithstanding the parties' previous lack of diligence in

8    pursuing discovery. In particular, the Court is mindful that Defendant Fellner was

9    previously proceeding *pro se*, but has now obtained counsel who is new to the case.

10        Accordingly, after consulting with the attorneys of record for the parties and being

11   advised of the status of the case, **IT IS HEREBY ORDERED**:

12        1.    All fact discovery shall be completed by all parties by **November 16, 2020**.

13   "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil

14   Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of

15   time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking

16   into account the times for service, notice and response as set forth in the Federal Rules of

17   Civil Procedure. During this extended fact discovery period, each side shall be limited to

18   **one deposition** and shall be permitted to serve no more than **five Interrogatories and five**

19   **Requests for Production** on the other side. **No additional expert discovery will be**

20   **permitted**.

21        2.    **Counsel shall promptly and in good faith meet and confer with regard to**

22   **all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel

23   to make every effort to resolve all disputes without court intervention through the meet and

24   confer process. If the parties reach an impasse on any discovery issue, counsel shall file an

25   appropriate motion within the time limit and procedures outlined in the undersigned

26   magistrate judge's chambers rules. **A failure to comply in this regard will result in a**

27   **waiver of a party's discovery issue. Absent an order of the court, no stipulation**

28   **continuing or altering this requirement will be recognized by the court. A failure to**

**comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3.      Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37.

4.      All dispositive pretrial motions must be filed by **January 22, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure to make a timely request for a motion date may result in the motion not being heard.

5.      A Mandatory Settlement Conference shall be conducted on **January 13, 2021** at **10:00 AM** in the chambers of **Magistrate Judge Linda Lopez** located at **221 West Broadway, Suite 2140, San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a.      **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter

into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference.  Failure to appear in person at the Mandatory Settlement Conference will be grounds for sanctions.

b.      **<u>Full Settlement Authority Required</u>**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference.   In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may</u>

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>See</u> <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

1 | negotiate settlement offers which the attorney is willing to recommend to the government
2 | official having ultimate settlement authority.

3 |      c.    **Confidential Settlement Statements Required**:    No later than
4 | **January 5, 2021**, the parties shall submit directly to Magistrate Judge Lopez's chambers
5 | (via email or hand delivery c/o the Office of the Clerk) confidential settlement statements
6 | no more than ten (10) pages in length.  **These confidential statements shall not be filed**
7 | **or served on opposing counsel.**  Each party's confidential statement must set forth the
8 | party's statement of the case, identify controlling legal issues, concisely set out issues of
9 | liability and damages, and shall set forth the party's settlement position, including any
10 | previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or
11 | demand made by that party, and a separate statement of the offer or demand the party is
12 | prepared to make at the settlement conference.  If a specific demand or offer for settlement
13 | cannot be made at the time the brief is submitted, then the reasons therefore must be stated
14 | along with a statement as to when the party will be in a position to state a demand or make
15 | an offer.  General statements that a party will "negotiate in good faith" is not a specific
16 | demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in
17 | good faith.

18 |      d.    **Requests to Continue a Mandatory Settlement Conference**:  Any request
19 | to continue the Mandatory Settlement Conference or request for relief from any of the
20 | provisions or requirements of this Order must be sought by a **written joint motion or *ex***
21 | ***parte* application**.  The application must (1) be supported by a declaration of counsel
22 | setting forth the reasons and justifications for the relief requested, (2) confirm compliance
23 | with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any
24 | unrepresented parties subject to the Order.  **Absent good cause, requests for continuances**
25 | **will _not_ be considered unless submitted _in writing_ no fewer than (7) days prior to the**
26 | **scheduled conference.**
27 |     **If the case is settled in its entirety before the scheduled date of the conference,**
28 | **counsel and any unrepresented parties must still appear in person, unless a written**

1 **joint notice confirming the complete settlement of the case is filed no fewer than**
2 **twenty-four (24) hours before the scheduled conference.**

3      6.     Neither party is required to file Memoranda of Contentions of Fact and Law
4 pursuant to Civil Local Rule 16.1.f.2.

5      7.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R.
6 Civ. P. 26(a)(3) by **April 2, 2021**. Failure to comply with these disclosure requirements
7 could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

8      8.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by
9 **April 9, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations
10 and agreements resulting in simplification of the triable issues. Counsel shall exchange
11 copies and/or display all exhibits other than those to be used for impeachment.  The exhibits
12 shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any
13 objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P.
14 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference
15 order.

16      9.     Counsel for plaintiff will be responsible for preparing the pretrial order and
17 arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **April 16, 2021**,
18 plaintiff's counsel must provide opposing counsel with the proposed pretrial order for
19 review and approval.  Opposing counsel must communicate promptly with plaintiff's
20 attorney concerning any objections to form or content of the pretrial order, and both parties
21 shall attempt promptly to resolve their differences, if any, concerning the order.

22      10.     The Proposed Final Pretrial Conference Order, including objections to any
23 other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and
24 lodged with the assigned district judge by **April 23, 2021**, and shall be in the form
25 prescribed in and comply with Local Rule 16.1(f)(6).

26      11.     All motions *in limine* are due no later than **April 12, 2020**.

27      12.     All responses to the motions *in limine* are due no later than **April 26, 2020**.
28 The Court will hear the motions *in limine* during the Pretrial Conference.

13.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Allison H. Goddard** on **May 7, 2021** at **9:30 AM**.

14.     The parties shall submit the following no later than **May 14, 2021**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

15.     The parties shall exchange final exhibit and witness lists no later than **May 31, 2021**.

16.     Trial briefs are due from each side by **June 2, 2021**.

17.     The jury trial[2] in this matter shall commence on Monday, **June 7, 2021** at **9:30 AM**.

18.     The parties must review the chambers rules for both assigned judges.

19.     A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

20.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the presiding judge.  No reply memorandum shall exceed ten (10) pages without leave of the presiding judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

21.     The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  August 10, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] Both Plaintiff and Defendant Fellner timely demanded a trial by jury. ECF Nos. 1, 24.