UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHLANDER HOLDINGS, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW FELLNER, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:18-cv-1506-AHG-LL<br><br>**AMENDED ORDER GRANTING JOINT MOTION TO CONTINUE THE DEPOSITION OF ANDREW FELLNER, THE TRIAL DATE, AND ALL APPLICABLE DATES ASSOCIATED THEREWITH**<br><br>[ECF No. 89] |

On January 15, 2021, the parties filed a joint motion to continue certain dates in this case. ECF No. 89. Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by

acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, Plaintiff's counsel unexpectedly has fallen ill and will not be able to depose Defendant Andrew Fellner on the scheduled date. ECF No. 89. Rescheduling the deposition will impact related dates in the case. In light of these circumstances, the Court finds good cause to **GRANT** the joint motion. However, the parties again are reminded that the limitations on discovery set forth in this Court's August 10, 2020 Amended Scheduling Order (ECF No. 75) remain in effect.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Andrew Fellner is ordered appear for his deposition on **March 25, 2021**.

2. All fact discovery shall be completed by all parties by **April 20, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral

statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37.

4. All dispositive pretrial motions must be filed by **May 24, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure to make a timely request for a motion date may result in the motion not being heard.

5. Neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

6. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 13, 2021**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

7. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **July 20, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **July 27, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's

attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

9. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 3, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

10. All motions *in limine* are due no later than **July 23, 2021**.

11. All responses to the motions *in limine* are due no later than **August 6, 2021**. The Court will hear the motions *in limine* during the Pretrial Conference.

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable Allison H. Goddard** on **August 16, 2021** at **9:30 AM**.

13. The parties shall submit the following no later than **August 23, 2021**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

14. The parties shall exchange final exhibit and witness lists no later than **September 3, 2021**.

15. Trial briefs are due from each side by **September 8, 2021**.

16. The jury trial[1] in this matter shall commence on Monday, **September 13, 2021** at **9:30 AM**.

17. The parties must review the chambers rules for both assigned judges.

18. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the presiding judge. No reply memorandum shall exceed ten (10) pages without leave of the presiding judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a

---

[1] Both Plaintiff and Defendant Fellner timely demanded a trial by jury. ECF Nos. 1, 24.

table of authorities cited.

20. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  January 19, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge