UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHLANDER HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW FELLNER, *et al.*,<br><br>Defendants. | Case No.: 3:18-cv-1506-AHG-LL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE CASE SCHEDULE; and**<br><br>**(2) ENTERING AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 95]** |

This matter comes before the Court on the parties' Joint Motion to Continue the Deposition of Andrew Fellner, the Trial Date, and all Applicable Dates Associated Therewith. ECF No. 95. In the joint motion, the parties request that the Court extend the discovery cut-off date and all remaining dates in the case schedule by approximately 90 days, because Plaintiff's counsel became unexpectedly unavailable to take Defendant Fellner's deposition on April 19, 2021, the day before the close of discovery. *See id.* The parties further stipulated to resetting Defendant Fellner's deposition sometime between May 27 and June 30, 2021. *Id.* at 5.

1  Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court held a Telephonic Status Conference to discuss the motion on April 27, 2021. ECF No. 99. As discussed during the conference, the Court will grant the motion in part to allow time for Defendant Fellner's deposition to be taken. However, the parties have failed to establish good cause for extending all dates in the case schedule by 90 days merely because Defendant Fellner's deposition has to be rescheduled. Further, during the call, the Court required counsel to agree to a date certain for Defendant Fellner's deposition rather than a five-week range.

Accordingly, the motion is **GRANTED IN PART** and **DENIED IN PART**. Based on discussions with counsel during the conference, it is **ORDERED** as follows:

1. Defendant Andrew Fellner is ordered to appear for his deposition on **May 27, 2021**.

2. Defendant Fellner must respond to Plaintiff's outstanding discovery requests (as discussed during the conference) by **May 13, 2021**. With the exception of Defendant Fellner's deposition and these outstanding requests, discovery closed on April 20, 2021. *See* ECF No. 90. No additional discovery shall be permitted.

3. All dispositive pretrial motions must be filed by **July 30, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure to make a timely request for a motion date may result in the motion not being heard.

4. Neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

5. Counsel shall comply with the pre-trial disclosure requirements of Fed. R.

Civ. P. 26(a)(3) by **August 31, 2021**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

6. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 7, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **September 13, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 20, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

9. All motions *in limine* are due no later than **September 10, 2021**.

10. All responses to the motions *in limine* are due no later than **September 24, 2021**. The Court will hear the motions *in limine* during the Pretrial Conference.

11. The final Pretrial Conference is scheduled on the calendar of the **Honorable Allison H. Goddard** on **October 4, 2021** at **9:30 AM**.

12. The parties shall submit the following no later than **October 8, 2021**: (1) joint

proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

13. The parties shall exchange final exhibit and witness lists no later than **October 20, 2021**.

14. Trial briefs are due from each side by **October 26, 2021**.

15. The jury trial[1] in this matter shall commence on Monday, **November 1, 2021** at **9:30 AM**.

16. The parties must review the chambers rules for both assigned judges.

17. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the presiding judge. No reply memorandum shall exceed ten (10) pages without leave of the presiding judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

19. The dates and times set forth herein will not be modified except for good cause shown.

The Mandatory Settlement Conference set for May 5, 2021 before Magistrate Judge Linda Lopez remains on calendar. *See* ECF No. 91.

**IT IS SO ORDERED.**

Dated: April 28, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Both Plaintiff and Defendant Fellner timely demanded a trial by jury. ECF Nos. 1, 24.